[No. 9294.   Department One.   March 13, 1911.]

## L. B. WISNER, *Respondent*, v. CHARLES F. RICHARDS, *Appellant*.[1]

LANDLORD AND TENANT—NOTICE TO QUIT—REVOCATION—BONUS. After the landlord has given notice terminating a tenancy, whereby a bonus to the tenant attaches, he cannot revoke the notice upon the ground of his own mistake, without the consent of the tenant.

SAME—LEASE—BONUS—FORFEITURES. The exercise of an option to terminate a lease by payment of a bonus presents no features of a forfeiture.

SAME—LEASE—BONUS—TENDER—WAIVER. Where a lease provides for a bonus to the tenant in case the landlord gives notice terminating the term, tender of the bonus need not be given with the notice, and surrender of the premises without demanding the bonus in advance does not waive the tenant's right to recover the bonus.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for King county, Main, J., entered October 11, 1910, upon the pleadings in favor of the plaintiff, in an action on contract, after a hearing before the court without a jury.   Affirmed.

*Peters & Powell*, for appellant.

*William R. Bell*, for respondent.

PARKER, J.—The plaintiff seeks to recover $300 as a bonus, claimed to be due her from the defendant upon the surrender of leased premises before the expiration of the term stipulated in the lease.   Judgment was rendered in her favor upon the pleadings, and the defendant has appealed.

The facts appearing in the complaint are briefly these: On December 31st, 1908, appellant leased to respondent a residence in Seattle at $100 per month, payable monthly in advance, for the term of nine months from January 1st, 1909. By the terms of the lease, respondent agreed, among other things, "to vacate the house at thirty days notice for a cash bonus of $300."   She entered into possession, and continued

[1]Reported in 113 Pac. 1090.

to occupy the house until September 1, 1909, being one month less than the full term. On August 2, 1909, appellant gave to respondent written notice as follows:

"Harper, Wash., Aug. 2-09.
"Mrs. L. B. Wisner,
"Dear Madam: The lease you have on my house at 1713 Belmont Ave. expires Sept. 1st. You will make arrangements to vacate at that time. I will be there on above date.
"Respy.            Chas. F. Richards."

Relying upon this notice and the terms of the lease, respondent vacated the house on September 1st. She prayed for judgment against appellant for the bonus of $300 specified in the lease. The appellant admits the making of the lease contract and the giving of the notice as alleged by respondent, and as an affirmative defense alleges that, the notice was given, "under a mistake of the defendant in this, that he was under the impression at the time of sending such notice that the nine months of the lease expired with the first day of September, 1909, and not with the last day of September, 1909; that prior to the first day of September, 1909, and while the plaintiff was still in possession of said premises, the defendant then discovering his mistake, notified the plaintiff thereof and that she might remain in the premises until the end of the lease, that is, until the end of September, 1909." The pleadings being in this condition, respondent moved for judgment thereon, according to the prayer of her complaint, which motion was granted.

It is contended in behalf of appellant that when he notified respondent of his mistake, and of his waiver of his notice to quit, while she was still in possession of the house, the notice thereby became ineffectual for any purpose. There would be merit in this contention if appellant's right to have the tenancy continued under the lease depended entirely upon his waiver of his notice to quit, but we think such is not the law. The effect of such a notice upon the tenancy cannot be changed at the will of one of the parties alone. Unless both

the landlord and tenant agree, after the giving of such notice, that it shall be ineffectual to terminate the tenancy, it will not cease to have such effect; provided, of course, the landlord is entitled to terminate the tenancy by such a notice, as he clearly was so entitled in this case.

In 1 Wood on Landlord and Tenant (2d ed.), § 44, the rule is stated thus:

"When a valid notice to quit is given by landlord or tenant, the party to whom it is given is entitled to count upon it, and it cannot be withdrawn without the consent of both parties." See, also, 24 Cyc. 1334; *Western Union Tel. Co. v. Pennsylvania R. Co.*, 120 Fed. 362, 385; *Re Magee and Smith*, 10 Manitoba 1.

It is clear, under the express terms of this lease, that appellant had an option to terminate the tenancy in this manner, rendering himself liable to pay the bonus, and when he gave to respondent the notice to quit, she was at that instant bound by the notice. It would not do to say that the landlord could thereafter make this notice ineffectual or not as he might choose, according to what was in his own mind, and not communicated to respondent at the time of giving the notice. If she was bound by the notice, as of course she was by the express provisions of the lease, it necessarily follows that he was also bound, and neither could be released from this mutual obligation unless both thereafter so agreed. The tenancy having been terminated at the election of the appellant before the expiration of the term agreed upon, he became liable to pay the bonus.

Learned counsel for appellant argue that this situation presents a question of forfeiture, and that, therefore, we are to be influenced by the apparent hardship and unfairness of enforcing the contract strictly according to its terms. We are quite unable to see any element of forfeiture involved. Respondent is not entitled to the $300 because appellant has forfeited it to her under the terms of the contract, but because he has agreed to pay her that sum for a surrender of the

unexpired term at any time he may elect during the term, and she has agreed to give him that option.

It may be suggested that the fact that appellant did not tender the $300 with his notice to quit rendered it ineffectual to terminate the tenancy, but the bonus was not due at the time of giving the notice. Respondent could not enforce payment of the bonus until she surrendered the premises. When the notice was given she had a right to presume that the bonus would be paid at the proper time. We do not think appellant can complain because she surrendered the premises without demanding payment of the bonus in advance thereof. The notice created his obligation to pay it, and she had the right to rely upon that obligation.

The judgment is affirmed.

DUNBAR, C. J., and MOUNT, J., concur.

FULLERTON, J., dissents.